```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
CHRIS KOSACHUK,                        :
                                       :         19mc326 (DLC)
                        Plaintiff,     :
                                       :         OPINION AND ORDER
            -v-                        :
                                       :
9197-5904 QUEBEC, INC.,                :
                                       :
                        Defendant.     :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On February 10, 2025, plaintiff Chris Kosachuk filed a motion to enforce a judgment against defendant 9197-5904 Quebec, Inc. ("Quebec") and related nonparty Selective Advisor Group, LLC ("Selective").  As explained below, this motion is part of a long-running contentious dispute that has resulted in abusive and duplicative litigation.  The parties are presently engaged in parallel litigation concerning enforcement of the same judgment that is at issue here.  This action is stayed in light of that related litigation.

## **Background**

The following facts are taken from the motion and documents submitted in connection with the motion.  The Court also takes judicial notice of decisions by other courts in litigation between these parties and related entities.

This judgment enforcement action is part of a dispute that has sprawled across numerous courts for almost two decades. On one side of the dispute are Kosachuk, who appears in this action pro se, and NLC, LLC ("NLG"), an entity that Kosachuk founded and has managed since its inception. On the other side of the dispute are Elizabeth Hazan and Sean Neal Meehan, as well as two entities they control, Quebec and Selective.

In 2007, NLG sold a home on Fisher Island to Hazan for $5.1 million, subject to a purchase money note and a mortgage. That property was the subject of years of litigation. Since then, many other lawsuits have been filed, both sides have been sanctioned by courts, and both sides have obtained judgments against the other. The facts relevant to this motion are described below.

I.  The 2012 Judgment

On February 22, 2012, the New York Supreme Court entered a judgment by confession in the amount of $5 million against NLG and in favor of Quebec ("2012 Judgment"). The 2012 Judgment was supported by an affidavit from Raymond Houle, who confessed on NLG's behalf to a judgment for fraud and abuse of process.

Quebec assigned the 2012 Judgment to Selective, which was formed in August 2014. The 2012 Judgment appears to have been Selective's only asset.

2

The parties disagree over whether the 2012 Judgment still has value. Quebec and Selective's position is that a satisfaction of the 2012 Judgment was filed on September 4, 2015, such that the 2012 Judgment has now been extinguished. Kosachuk states that although he agreed to pay $6,500 to satisfy the 2012 Judgment, he was then "double-crossed" before this deal was consummated. Kosachuk also claims that Quebec and Selective have continued their efforts to enforce the 2012 Judgment even after it was purportedly satisfied. Kosachuk's position is that the 2012 Judgment still has a value of $6,500.

At first blush, it is surprising that Kosachuk is the one arguing that NLG, the entity he owns and manages, owes $6,500 on the 2012 Judgment. A potential reason is that, in Kosachuk's view, the 2012 Judgment provides a reason for this action to proceed here. He contends that because the 2012 Judgment was awarded by a court in New York, it is intangible property located in this state.

II. Sanctions Based on Efforts to Vacate the 2012 Judgment

For many years, Kosachuk and NLG argued that the 2012 Judgment should be vacated on the grounds that it was procured by fraud and in violation of due process. Their core argument was that Raymond Houle had falsely professed to act on behalf of

3

NLG in the affidavit on which the 2012 Judgment was based, when in fact he was the president of Quebec, NLG's adversary.

Kosachuk and NLG repeatedly failed, however, to properly raise this argument in court.  In New York Supreme Court, Kosachuk and NLG abandoned multiple motions to vacate the 2012 Judgment before they could be decided on the merits.  See Kosachuk v. Selective Advisors Grp., LLC, No. 19cv4844 (DLC), 2019 WL 4805742, at *1-2 (S.D.N.Y. Sept. 30, 2019) (summarizing history of that litigation).  Kosachuk also argued that the 2012 Judgment should be vacated in a federal action before this Court.  In 2019, this Court determined that his argument was barred by the applicable statute of limitations.  Id. at *4.  That determination was affirmed on appeal.  Kosachuk v. Selective Advisors Grp., LLC, 827 F. App'x 58, 62 (2d Cir. 2020).  As this Court explained, although no court had reached the merits of Kosachuk's argument that the 2012 Judgment was invalid, "Kosachuk and NLG bear much responsibility for making it so."  Kosachuk, 2019 WL 4805742, at *5.

That should have been the end of it.  But Kosachuk and his affiliates continued to pursue litigation to overturn the 2012 Judgment, which became increasingly frivolous and abusive.  That litigation resulted in two sanctions awards.

4

NLG's former lawyer and purported creditor, Juan Ramirez, brought an unsuccessful action to vacate the 2012 Judgment. That action resulted in a sanction against Ramirez and in favor of Selective based on what appears to have been a fraudulent service scheme that directly involved Kosachuk. The New York Supreme Court explained the sanction as follows:

> Selective was never actually served with the petition. Rather, service was effectuated on a different, separate and wholly unrelated entity "Selective Advisors Group, LLC" -- a Delaware entity with the same name adding only an "s" to the word Advisor -- formed by the petitioner's own client, Chris Kasachuk [sic]. This does not appear to have been a mistake. Petitioner's client served the correct entity in prior litigation between the parties. . . . Put another way, Mr. Ramirez appears to have attempted to perpetrate a fraud on the court in the filing of this special proceeding.

Ramirez v. Selective Advisors Group, LLC, 2021 WL 4812470, at *1 (N.Y. Sup. Ct. Oct. 15, 2021) (citation omitted). On April 24, 2023, a Special Referee set the amount of this sanction at $8,069.13 ("Ramirez Sanction").

Kosachuk himself also continued to pursue frivolous litigation to overturn the 2012 Judgment. On June 16, 2023, the New York Supreme Court awarded a sanction of $15,000 in attorney's fees and expenses against Kosachuk and in favor of Quebec and Selective as a result of Kosachuk's "demonstrated willingness to perpetuate meritless, vexatious, and duplicative litigation." Kosachuk v. 9197-5904 Quebec, Inc., 2023 WL

5

4323567, at *2 (N.Y. Sup. Ct. June 16, 2023). On March 7, 2025, the New York Supreme Court entered judgment based on this sanction, with interest applied, in the amount of $17,259.86 ("Kosachuk Sanction"). The New York Supreme Court also enjoined Kosachuk from pursuing any further litigation regarding the 2012 Judgment against Quebec, Selective, Meehan, or Hazan without prior judicial approval, and instructed him to attach its decision to any request for such approval. Id.

In affirming the sanction award against Kosachuk, the Appellate Division commented that Kosachuk

> continues to advance frivolous arguments with respect to the Judgment by Confession through this petition and on appeal. The tortuous litigation history is reflective of the enormous waste of judicial resources expended on this case, with Kosachuk failing to take heed of the stern warnings issued by other courts in different jurisdictions and in this one, and his failure to even acknowledge this Court's definitive rulings in related proceedings.

Kosachuk v. 9197-5904 Quebec, Inc., 220 N.Y.S.3d 23, 24 (1st Dep't 2024).

III. The FitzSimon Judgment

In 2009, Quebec took an assignment of a judgment against Kosachuk, which was in the amount of approximately $50,000. It then began attempts to collect on that assigned judgment. In 2012, Quebec filed two involuntary bankruptcy petitions against Kosachuk.

6

On March 24, 2015, the Honorable Jean K. FitzSimon of the Bankruptcy Court for the Eastern District of Pennsylvania found, on a motion from Kosachuk, that Quebec's involuntary bankruptcy petitions against Kosachuk had been filed in bad faith and for an improper purpose.  For one thing, Judge FitzSimon observed that Quebec had served the first petition on the wrong address. Judge FitzSimon also found that both petitions were defective in various ways, including because they did not provide adequate evidence as to Kosachuk's financial condition or the identity of his creditors.  Quebec also failed to participate in that proceeding and claimed that its representative, Raymond Houle, was hospitalized, which Judge FitzSimon did not find credible.

As a result, on March 24, 2015, Judge FitzSimon cancelled the indebtedness of approximately $50,000 that Kosachuk owed, awarded Kosachuk $192,173.71 in fees and costs, and also awarded a five-times multiple in punitive damages.  This resulted in a judgment against Quebec and in favor of Kosachuk in the total amount of $1,153,173.71 ("FitzSimon Judgment").

Quebec missed the deadline to file an appeal of the FitzSimon Judgment, but then nonetheless pursued untimely appeals to the District Court for the Eastern District of Pennsylvania and the Court of Appeals for the Third Circuit. Quebec claimed that it had mis-calendared the deadline for

7

filing its appeal. It was unable to demonstrate excusable neglect, however, and its appeals failed. Doe v. 9197-5904 Quebec, Inc., 727 F. App'x 737, 738, 740 (3d Cir. 2018).

IV. The Instant Motion

To summarize, the following judgments are relevant to this motion:

- The 2012 Judgment: A judgment by confession against NLG and in favor of Quebec, in the amount of $5 million. Quebec assigned this judgment to Selective. Quebec and Selective take the position that the 2012 Judgment has been extinguished, while Kosachuk claims it still has a value of $6,500.

- The Ramirez Sanction: A judgment against Ramirez and in favor of Selective, awarded as a sanction for abusive litigation seeking to overturn the 2012 Judgment, in the amount of $8,069.13.

- The Kosachuk Sanction: A judgment against Kosachuk and in favor of Quebec and Selective, awarded as a sanction for abusive litigation seeking to overturn the 2012 Judgment, in the amount of $17,259.86.

- The FitzSimon Judgment: A judgment against Quebec and in favor of Kosachuk, awarded as a sanction for bad faith involuntary bankruptcy petitions, in the amount of $1,153,173.71.

Kosachuk registered the FitzSimon Judgment in this district on July 2, 2019. This action was then dormant for over five years.

On February 10, 2025, Kosachuk filed a motion seeking enforcement of the FitzSimon Judgment against Quebec and Selective. Kosachuk wishes to take possession of the 2012

8

Judgment (which he values at $6,500), the Ramirez Sanction ($8,069.13), and the Kosachuk Sanction ($17,259.86).  In exchange, he proposes to give a corresponding credit against the larger FitzSimon Judgment.  The specific remedies Kosachuk seeks are a turnover order pursuant to N.Y. C.P.L.R. § 5225 and an order appointing him receiver over Quebec and Selective pursuant to N.Y. C.P.L.R. § 5228.

Selective is not a party to this action, and the FitzSimon Judgment is only applicable against Quebec.  Nonetheless, Kosachuk seeks relief against Selective as well, based in part on an argument that the assignment of the 2012 Judgment from Quebec to Selective was fraudulent.

In a letter filed on March 7, 2025, Kosachuk also requested that Quebec and Selective be restrained from enforcing or assigning the Kosachuk Sanction before adjudication of his motion to enforce the FitzSimon Judgment.  He argues that if the Court grants his motion to enforce the FitzSimon Judgment, the Kosachuk Sanction will be turned over to him and nullified.

In response to Kosachuk's motion to enforce the FitzSimon Judgment, Quebec and Selective argue that this action should be dismissed or transferred under the "first filed" rule pursuant to Rule 12(b)(3), Fed. R. Civ. P.  They point out that Kosachuk has sought, before bringing this motion, to execute the

9

FitzSimon Judgment in other federal courts, in bankruptcy court, and in state court in Florida.  They claim that, in total, Kosachuk "is currently litigating the same claim in at least six different courts."  Specifically, Quebec and Selective argue that this action should be transferred to the Southern District of Florida because Kosachuk's efforts to enforce the FitzSimon Judgment are set to be adjudicated in a trial there beginning on June 30, 2025.  They have neglected to inform the Court, however, that that action was remanded to Florida state court on April 18.  Kosachuk v. 9197-5904 Quebec, Inc., No. 22cv20679, 2025 WL 1591613, at *3 (S.D. Fla. Apr. 18, 2025).

It is nonetheless true that the parties are actively litigating the same core issues in the Circuit Court for the Eleventh Judicial District in and for Miami-Dade County, Case No. 2023-025432-CA-01 ("Florida Action").  There, Kosachuk moved to enforce the FitzSimon Judgment on July 22, 2024.  Quebec filed a motion to dismiss the Florida Action on June 11, 2025.[1]  On June 18, Kosachuk moved to compel depositions of Meehan and

---

[1] In its motion to dismiss the Florida Action, Quebec argues in the alternative that, under the "first filed" rule, the Florida Action should be "transferred" to this District in light of the instant action.  This of course makes no sense, as a state court cannot remand (or "transfer") a case to a federal court in a different state.  See 28 U.S.C. § 1441.  But it is telling that Quebec is making that argument in the Florida Action while at the same time asking this Court to transfer this action to the Southern District of Florida.

Houle. On June 23, Judge Peter R. Lopez ordered the issuance of a writ of execution based on the FitzSimon Judgment only as against property owned by Quebec.

In the alternative, Quebec and Selective argue that this action should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. They argue that the 2012 Judgment no longer exists because it has been satisfied, and attach an exhibit in support of that claim. They argue that Kosachuk has no right to seize the Ramirez Sanction because it was awarded to Selective, not Quebec, and Kosachuk does not have a judgment against Selective. Finally, they state that the Kosachuk Sanction is not in the possession of Quebec or Selective. They offer no explanation as to who currently possesses it, but a document filed in the Florida Action indicates that the Kosachuk Sanction was assigned to Meehan in exchange for $10.

Kosachuk's reply claims that Selective is Quebec's alter ego, as they are both managed by Meehan and represented by Todd Mosser. He also claims that Quebec and Selective have not honored the purported satisfaction of the 2012 Judgment, and that they continued to enforce that judgment in a proceeding in the Bankruptcy Court for the Southern District of Florida. Kosachuk further argues that he has been forced to enforce the FitzSimon Judgment both in New York and in Florida because the

11

Kosachuk Sanction has been domesticated in Florida, and Quebec and Selective have refused his offer to satisfy it with a credit against the FitzSimon Judgment. Finally, he argues that the "first filed" rule is not applicable in the context of a post-judgment collection case such as this.

## Discussion

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (citation omitted). When considering whether to stay a case pending the resolution of related proceedings, courts in this District generally consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Rankine v. Levi Strauss & Co., 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (citation omitted).

These factors support staying this action. This Court joins multiple other courts in observing that Kosachuk and his affiliates have an extensive history of meritless, vexatious,

12

and duplicative litigation.  That was already apparent when Kosachuk appeared before this Court six years ago, and his abuses have continued and escalated since then.  Of course, neither side is blameless.  Quebec and its affiliates have also repeatedly abused the litigation process, and they are not <u>pro se</u>.  Both parties' filings regarding this motion have omitted pertinent information and have reflected a lack of candor.  Overall, the record reflects that both sides use improper litigation tactics to harass one another, and have shown little interest in bringing their dispute to an orderly resolution.  The interests of the courts weigh heavily against continuing to indulge these abuses and adding to the expenditure of judicial resources on this dispute.

A stay is also warranted because this action is likely to be resolved or greatly simplified by court decisions concerning the issues that have been raised here.  Those issues include the enforcement of the FitzSimon Judgment, whether the 2012 Judgment has been extinguished, and the degree to which the Ramirez Sanction and Kosachuk Sanction should be offset against the FitzSimon Judgment.  Those issues are being litigated in the Florida Action, where Kosachuk's motion to enforce the FitzSimon Judgment was filed over six months before it was filed here.  For example, a writ of execution was recently ordered in the

13

Florida Action as against property owned by Quebec.  More generally, the parties have actively litigated this dispute in Florida, including in both state and federal court.  This action will be stayed until final judgment, through any appeal, of the Florida Action.

## Conclusion

This action is stayed.  Kosachuk's February 10, 2025 motion is denied without prejudice to renewal.  Kosachuk's March 7, 2025 request that Quebec and Selective be restrained from enforcing or assigning the Kosachuk Sanction is denied.  A status letter is due on December 19, 2025.

Dated:    New York, New York
          June 25, 2025

                                     _____
                                            DENISE COTE
                                     United States District Judge